UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| NICHOLE GLENN, | No. 2:24-cv-02406 WBS AC |
|---|---|
| Plaintiff, | |
| v. | ORDER RE: MOTION TO REMAND |
| PACE ANALYTICAL SERVICES, LLC; PACE ANALYTICAL; PACE ANALYTICAL SERVICES, INC.; PACE ANALYTICAL SERVICES; PACE; and DOES 1 to 100, | |
| Defendants. | |

----oo0oo----

Plaintiff Nichole Glenn ("Glenn" or "plaintiff") alleges that defendant Pace Analytical Services, LLC ("defendant" or "Pace") violated California state law by discriminating and retaliating against her while it employed her.  (Docket No. 1.) Defendant attempted to remove this lawsuit from Sacramento County Superior Court on September 4, 2024.  Glenn now moves to remand the case back to the state court.  (Docket No. 5.)

1

1      Glenn filed suit on July 23, 2024.  (Decl. of Cheryl
2 Johnson-Hartwell ¶ 2 (Aug. 29, 2024) (Docket No. 1-1).)  Glenn
3 served Pace with the complaint and summons on July 30, 2024.
4 (Decl. of Nicole Ott ¶ 2 (Docket No. 1-4).)  On August 30, 2024,
5 Pace attempted to remove the matter to the United States District
6 Court for the Central District of California ("the Central
7 District").  (Decl. of Leticia Espinoza ¶¶ 2-6 (Docket No. 1-7).)
8      After realizing its mistake, Pace filed a new notice
9 removal in this court on September 4, 2024 (Docket No. 1) and on
10 September 20, 2024 voluntarily dismissed the matter in the
11 Central District.  (Decl. of Melanie Rodriguez Ex. B. at 4
12 (Docket No. 5-4).)  Glenn filed her motion to remand in this
13 court on October 4, 2024.  (Docket No. 5.)
14      "Any civil action brought in a state court of which the
15 district courts of the United States have original jurisdiction,
16 may be removed by . . . defendant[] to the district court of the
17 United States for the district and division embracing the place
18 where such action is pending."  28 U.S.C. § 1441(a).  Removal of
19 such a civil action is done via "[a] notice of removal [which]
20 shall be filed within 30 days" after defendant receives the
21 complaint.  Id. § 1446(b)(1).  Here, plaintiff's motion to
22 remand, filed within thirty days of the filing of the action in
23 this court, is timely.
24      The thirty-day time limit "is mandatory[,] and a timely
25 objection to a late [notice of removal] will defeat removal."
26 Fristoe v. Reynold Metals Co., 615 F.2d 1209, 1212 (9th Cir.
27 1980) (per curiam).  Moving to remand is "the proper procedure"
28 for objecting to removal.  Moore-Thomas v. Alaska Airlines, Inc.,

2

1  553 F.3d 1241, 1244 (9th Cir. 2009).  "A motion to remand the
2  case on the basis of any defect other than lack of subject matter
3  jurisdiction must be made within 30 days after the filing of the
4  notice of removal under section 1446(a)."  28 U.S.C. § 1447(c).
5       The court must "strictly construe[]" the removal
6  statutes, "and any doubt about the right of removal requires
7  resolution in favor of remand."  Moore-Thomas, 553 F.3d at 1244.
8  "The presumption against removal means that 'the defendant always
9  has the burden of establishing that removal is proper.'"  Id.
10 (quoting Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992)).
11      After Glenn served the complaint on Pace on July 30,
12 defendant had until August 29 to notice removal in the proper
13 venue.  See 28 U.S.C. § 1446(b)(1).  However, it failed to do so
14 by attempting removal to the wrong court at the eleventh hour and
15 only realizing its mistake after the deadline had passed.  See
16 Mason v. Marathon Oil Co., 521 F. Supp. 1012, 1013 (S.D. Ill.
17 1981) ("[I]f the case were otherwise removable, it should be
18 removed to the proper district and division [in thirty days].").
19 The court's docket shows that defendant instead noticed removal
20 on September 4, 2024, which was too late.
21      The law of removal contains no exception for good cause
22 or excusable negligence.  See 28 U.S.C. §§ 1441, 1446-47.  As
23 such, defendant fails to carry its "burden of establishing that
24 removal is proper."  Moore-Thomas, 553 F.3d at 1244.
25      IT IS THEREFORE ORDERED that plaintiff's motion to
26 remand the case back to state court (Docket No. 5) be, and the
27 same hereby is, GRANTED.  This case is hereby REMANDED to the
28 Superior Court of the State of California, in and for the County

1 | of Sacramento.[1]

2 | Dated: November 12, 2024

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[1] The motion is decided on the papers without oral argument pursuant to Local Rule 230)g), and the scheduled hearing on the motion is hereby vacated.

4